**GLD-401**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3272
_____

IN RE:  SYLVESTER ANDREWS,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 92-cr-00671-008)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 22, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: September 5, 2013)
_____

OPINION
_____

PER CURIAM

        Sylvester Andrews, a federal prisoner proceeding pro se, petitions for a writ of

mandamus compelling the District Court to adjudicate his motion pursuant to Federal

Rule of Civil Procedure 60(b).  For the reasons that follow, we will deny the petition.

        In 1993, Andrews was convicted of federal drug and weapons offenses arising out

of his participation in a drug-trafficking organization.  Andrews was sentenced to life in

prison on the drug offenses, plus a 40-year term of imprisonment based on two violations of 18 U.S.C. § 924(c). We affirmed the judgment on direct appeal.

In 2001, Andrews filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion because it was untimely filed and we denied Andrews' request for a certificate of appealability. In 2008, Andrews filed a motion pursuant to 18 U.S.C. § 3582(c)(2). The District Court reduced his life sentence to 360 months in prison based on amendments to the Sentencing Guidelines for crack cocaine offenses. Andrews' 40-year consecutive sentence was not affected.

In 2009, Andrews filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the denial of his § 2255 motion. The District Court dismissed the motion as an unauthorized second or successive § 2255 motion. We granted a certificate of appealability and, on February 29, 2012, ruled that the District Court had erred because Andrews' motion challenged the District Court's decision that his § 2255 motion was untimely and did not challenge a resolution of the merits of his claims. We remanded the matter to District Court to decide the merits of the Rule 60(b) motion. See C.A. No. 10-2088.[1]

This Court's judgment was filed in District Court on April 23, 2012. On June 14, 2012, the District Court issued an order directing the parties to file memoranda addressing whether Andrews' Rule 60(b) motion should be granted. Both Andrews and

---

[1]We set forth several questions for the District Court's consideration on remand, including whether Andrews' innocence under Bailey v. United States, 516 U.S. 137 (1995), with respect to one of his violations of § 924(c) constitutes "extraordinary circumstances" permitting Rule 60(b) relief.

the Government filed responses. On November 1, 2012, the District Court appointed Andrews counsel. The District Court then denied Andrews' Rule 60(b) motion "without prejudice subject to his right to file a counseled Rule 60(b) motion." Dist. Ct. Order entered 11/28/12.

Counsel, however, did not file a Rule 60(b) motion and, on February 7, 2013, Andrews filed in District Court a "Notice of Appearance as Pro-se Litigant under Title 28 U.S.C. § 1654" asking to remove his counsel of record, proceed pro se "with assistance of counsel," and re-instate his pro se filings. Shortly thereafter, Andrews filed a copy of a letter he had sent his court-appointed counsel stating, among other things, that he had been unable to reach him and that counsel had not contacted him since his appointment.

There was no further docket activity in Andrews' case until April 16, 2013, when Andrews filed a one-sentence "Letter Motion" asking that nothing be submitted to the Court on his behalf by any attorney without his approval. On July 11, 2013, Andrews filed another "Notice of Appearance as pro-se Litigant Under Title 28 U.S.C. § 1654" again asking to remove his counsel of record, proceed pro se "with assistance of counsel," and re-instate his earlier pro se filings. Andrews further asked the District Court to address the questions set forth in this Court's earlier decision and the District Court's June 14, 2012 order. No action has been taken on this filing.

Andrews then filed a mandamus petition in this Court asking us to compel the District Court to adjudicate his Rule 60(b) motion based on his pro se filings. Andrews states that he has not heard from his court-appointed counsel and that he should not be compelled to accept his representation. Andrews also asks this Court to compel the

3

District Court to rule on matters related to the disposition of his Rule 60(b) motion, including an earlier motion for extension of time to file his § 2255 motion.

Mandamus relief is available in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted). A writ of mandamus may be appropriate when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). See also Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting writ of mandamus where habeas petition was pending for 14 months).

The District Court acted promptly when this case was remanded, but we agree with Andrews that the resolution of his Rule 60(b) motion has been delayed since he was appointed counsel on November 28, 2012. Andrews appears to have tried to call attention to the fact that appointed counsel has not filed a Rule 60(b) motion on his behalf in his District Court filings in February and July of this year. We do not find, however, that there has been undue delay by the District Court in addressing these filings at this point in time. Andrews' second "notice," which explicitly asked for a ruling on the questions set forth in our earlier decision, was filed shortly before this mandamus petition.

4

Accordingly, we will deny the petition for a writ of mandamus without prejudice to Andrews filing a new mandamus petition if the District Court does not act on his filings within a reasonable time.